UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CAUSE NO. 1:07-CR-16-TS |
| ) | |
| GORDON GOVAN ) | |

**OPINION and ORDER**

After adjudicating the Defendant, Gordon Govan, guilty upon his plea of guilty to a violation of 21 U.S.C. § 841(a)(1), the Court sentenced him to 120 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B) and the United States Sentencing Guidelines that were in effect on the date of his sentencing, August 27, 2007.

On April 10, 2008, this Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines [DE 36]. The Court's order directed the Defendant, his counsel, the government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to amended guideline §1B1.10, which took retroactive effect on March 3, 2008.

On May 1, 2008, the Defendant's court-appointed counsel filed a notice [DE 38] explaining that a reduction in the Defendant's sentence is not appropriate because the Defendant's sentence was the statutory minimum. In conjunction with that Notice, the Defendant's attorney on the same date filed a motion to withdraw [DE 39] as court-appointed counsel as directed by the Court's prior order.

Pursuant to the Court's order, if counsel moves to withdraw, "[t]he Defendant then has 30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se

motion for reduction of sentence." (DE 36 at 2.) "The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." (*Id.*) More than 30 days have elapsed since counsel filed the notice and motion to withdraw. The Defendant has not filed a response or a motion for reduction of sentence.

Counsel's notice and motion to withdraw are well taken. Under the amended guidelines, the Defendant's base offense level would be 30 (2 levels less than the original 32). With a 3-point reduction for acceptance of responsibility, his total offense level would be 27. Combined with a criminal history category of III, the amended guideline range would be 87 to 108 months.

However, when the statutorily required minimum sentence is greater that the maximum of the applicable guideline range, as it is here, the statutorily required minimum sentence becomes the guideline range. U.S.S.G. § 5G1.1(b). So, in this case, the crack cocaine amendments do "not have the effect of lowering the defendant's applicable guideline range." § 1B1.10(a)(2)(B). The result is that a "reduction in the defendant's term of imprisonment . . . therefore is not authorized." § 1B1.10(a)(2).

## CONCLUSION

For the foregoing reasons, the Motion to Withdraw as Court Appointed Counsel [DE 39] is GRANTED and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in this cause of action.

So ORDERED on June 23, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT